# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-956V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RAJA BOWLDS,

        Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 22, 2017

Entitlement; Decision by Proffer; Damages; HPV Vaccine; Encephalitis.

*Andrew Donald Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 5, 2013, Leilah Al-Uffi filed a petition on behalf of her minor child, R.B., seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that her daughter developed anti-NMDA (N-methyl D-aspartate) receptor encephalitis ("ARE") following receipt of the human papilloma vaccine ("HPV") on December 8, 2010. *Id*. On February 24, 2017, Petitioner filed a motion to amend the case caption, which I granted. She indicated that R.B. had turned eighteen, and would proceed as Petitioner in this case.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Although this case had originally been set for a hearing, the parties requested the matter be resolved via a ruling on the record. *See* Petitioner's Motion for Judgment on the Administrative Record, filed on August 18, 2016 (ECF No. 65). After considering the record as a whole, I issued a Ruling on Entitlement finding Petitioner was entitled to compensation under the Vaccine Program. *See* Ruling on Entitlement, dated February 22, 2017 (ECF No. 77).

After roughly eight months of damages discussions, the parties have now filed a proffer as to the elements of compensation on which both Petitioner and Respondent agree. *See* Proffer, filed on September 21, 2017 (ECF No. 89).

The proffer proposes:

- A lump sum payment of $113,658.79 representing compensation for satisfaction of the State of Oklahoma Medicaid lien; and

- A lump sum payment of $20,000.00 representing pain and suffering; and

- An amount sufficient to purchase the annuity contract described in Section II.C of the Proffer.

Proffer at II-III. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

In light of Respondent's proffer, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3(a)(I)), I find the proposed sum is reasonable. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). I therefore approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

*************************************

**RAJA BOWLDS**,

        Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,

        Respondent.

*************************************

**No. 13-956V**
SPECIAL MASTER
BRIAN CORCORAN

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**    **Items of Compensation**[1]

The Court issued a Ruling on Entitlement on February 22, 2017. Based upon the evidence of record, respondent proffers that petitioner should be awarded compensation as follows:

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $195,000.00, for past and future pain and suffering. The amount for future pain and suffering has been reduced to net present value. See 42 U.S.C. §300aa-15(a)(4). Petitioner agrees.

    B.    Medicaid lien

Respondent proffers that petitioner should be awarded funds to satisfy a State of Oklahoma lien in the amount of $113,658.79, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

any individual as a result of any Medicaid payments the State of Oklahoma has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act. Petitioner agrees.

These amounts represent all elements of compensation to which petitioner would be entitled under the Act.[2]  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult, and proof of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made as follows:

    A.    A lump sum of $113,658.79, representing compensation for satisfaction of the State of Oklahoma Medicaid lien, payable in the form of a check jointly to petitioner and

Oklahoma Healthcare Authority<br>4345 N. Lincoln Blvd.<br>Oklahoma City, OK 73105

Petitioner agrees to endorse this payment to the State of Oklahoma.

    B.    A lump sum payment of $20,000.00, representing partial compensation for pain and suffering in the form of a check payable to petitioner.

    C.    An amount of $175,000.00, represents the remaining compensation for pain and suffering, to purchase the installment refund annuity contract[3] subject to the conditions described

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contacts from one or more life insurance company.

below, paid to the life insurance company[4] from which the annuity will be purchased ("Life Insurance Company"), representing payment for pain and suffering.[5]

The Secretary of Health and Human Services agrees to purchase an annuity contract,[6] as described below, from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make the payments periodically to petitioner as follows:

> The installment refund annuity contract will pay $6,334.65 annually, beginning one year after the date of judgment and continuing for the life of Raja Bowlds, and the installment refund period. The purchase price of the annuity shall be $175,000.00. In the event the cost of the annuity payments set forth above varies from $175,000.00, the monthly payments outlined above shall be adjusted up or down to ensure the total Annuity Premium of the installment refund annuity contract shall remain fixed at exactly $175,000.00 and not more or less than that amount.

Upon the death of Raja Bowlds, any installment refund periodic payments remaining due and owing shall be paid to the Estate of Raja Bowlds.

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

[6] The Annuity will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of Judgment in conformity with this Proffer.

4

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ DEBRA A. FILTEAU BEGLEY</u>
        DEBRA A. FILTEAU BEGLEY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Phone:   (202) 616-4181

Dated:  <u>September 21, 2017</u>