# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-956V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RAJA BOWLDS, | \* | Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  October 17, 2017 |
| | \* | |
| v. | \* | Decision; Attorney's Fees and Costs. |
| | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On December 5, 2013, Leilah Al-Uffi[2] filed a petition on behalf of her minor child, Raja Bowlds, seeking compensation under the National Vaccine Injury Compensation Program.[3] The Petition alleged that the Human papillomavirus ("HPV") vaccine Ms. Bowlds received on December 8, 2010, caused her to develop anti-NMDA (N-methyl D-aspartate) receptor encephalitis ("ARE"). Petition ("Pet.") at 1 (ECF No. 1). In August 2016, I issued a Ruling on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] Petitioner filed a motion to amend the case caption in February 2017, which I granted, indicating that Ms. Bowlds had turned eighteen, and would proceed as Petitioner in this case.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Entitlement finding Petitioner was entitled to compensation under the Vaccine Program, and in response, the parties filed a proffer, which I adopted. *See* Decision, dated September 22, 2017 (ECF No. 90).

Petitioner has now filed a motion requesting final[4] attorney's fees and costs, dated September 27, 2017. *See* Fees Application ("Fees App.") (ECF No. 91). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $52,891.76 (representing $41,121.00 in attorney's fees, incurred from July 2015 to the present, and $11,770.76 in costs). *Id*. Respondent filed a written reaction on October 16, 2017, indicating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring to my discretion for the determination of the amount to be awarded. ECF No. 94.

In this case, Petitioner requests $350 per hour for Mr. Downing for work performed in 2015-2016, with an increase to $375 per hour in 2017; $195 per hour for Ms. Van Cott's work performed in 2016-2017; $195 per hour for Mr. Redman's work completed in 2015; and $100 per hour for two paralegal's work performed in 2015-2016, with an increase to $135 per hour in 2017. Fees App. at 24. The hourly rates requested are in keeping with the rates that these attorneys have previously received in Vaccine Program cases, and consistent with the rates I have awarded—both in this case and others. *See, e.g.,* Interim Fees Decision, dated Sept. 30, 2015 (ECF No. 53); *Butler v. Sec'y of Health & Human Servs.*, No. 14-113V, 2017 WL 3811134, at *3 (Fed. Cl. Spec. Mstr. Aug. 3, 2017); *Brannigan v. Sec'y of Health & Human Servs.,* No. 14-675V, 2017 WL 2644696, at *4 (Fed. Cl. Spec. Mstr. May 26, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094, at *3 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). I will therefore award the rates requested. I also approve the requested attorney time as reasonable.

In addition, Petitioner's requested costs amount to $11,770.76 (representing $10,075.00 for expert reports[5] and $1,695.76 for medical records requests, mailing and fax charges, photocopy charges, and research fees). I find the sum expended by Van Cott & Talamante to be reasonable, and Respondent has not identified any costs as objectionable. Thus, I will award Petitioner's costs in full.

Accordingly, an award of **$52,891.76** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of

---

[4] I awarded interim fees in the amount of $38,073.20 on September 30, 2015. *See* Decision, dated Sept. 30, 2015 (ECF No. 53).

[5] In my decision concerning Petitioner's interim fee request, I deferred consideration of expert costs incurred at that point until a later time.

a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[6]

      **IT IS SO ORDERED.**

                                                 <u>/s/ Brian H. Corcoran</u>
                                                  Brian H. Corcoran
                                                  Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.